IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,988-01






EX PARTE JAMES FRANCIS BURNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2002-073 IN THE 22ND DISTRICT COURT


FROM COMAL COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, TEX.CODE CRIM.PROC. Applicant was convicted of aggravated
sexual assault and punishment was assessed at confinement for ten years and a fine of
$10,000. No appeal was taken from this conviction.

 Applicant contends, inter alia, that his plea was involuntary and his counsel was
ineffective because he did not know that he would be required to register as a sex
offender, and counsel advised him that he would receive deferred adjudication if he pled
guilty. The State has filed no response and the trial court has made no findings of fact. (1)

 It is the Court's opinion that additional facts need to be developed and that the trial
court is the appropriate forum. Therefore, the trial court is ordered to obtain an affidavit
from Applicant's trial counsel addressing Applicant's factual allegations, and to allow
Applicant an opportunity to tender any other affidavits to support his allegations. 
Alternatively, the trial court may conduct an evidentiary hearing at which Applicant
would have an opportunity to prove his allegations, and the trial court is not limited to the
above issues if the court believes other facts relevant to the legality of Applicant's
confinement should be determined.

 The trial court should then make findings of fact as to whether counsel or the trial
court admonished Applicant that he would be required to register as a sex offender, and
whether counsel told Applicant that he would receive deferred adjudication if he pled
guilty. The court may also make findings of fact as to any other matters the court deems
relevant to the legality of Applicant's confinement.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294
(Tex.Cr.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. Any hearing
conducted pursuant to this order shall be held within 90 days of the date of this order. (2) 
The trial court's findings of fact, any affidavits or transcription of the court reporter's
notes, and any other supplementation of the record shall be returned to this Court within
120 days of the date of this order. (3)

DELIVERED: June 7, 2006

DO NOT PUBLISH
1. The trial court ordered that Applicant's plea and punishment proceedings be transcribed, but
those transcriptions have not yet been included in this record.
2. In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
3. Any extensions of this time period should be obtained from this Court.